### DILLAYE v. BEER, appellant.

*Agency — implied authority of general agent.*

B. was general agent of his wife in carrying on the painting business. In her name he leased for one year certain premises which were used in the painting business. To this lease his wife assented, and the rent was paid by checks signed with her name and by her authority. *Held,* that a renewal of the lease for another year by the husband, even though made without the authority or consent of the wife, the lessor having no notice thereof, would render her liable for the rent.

APPEAL from a judgment of the Onondaga county court affirm-ing a judgment rendered by a justice of the peace in favor of plain-tiff. The facts sufficiently appear in the opinion.

*Hunt & Weaver,* for appellant.

*Irving G. Vann,* for respondent.

MULLIN, P. J. The defendant, Aveline Beer, was sued before a justice of the peace of the county of Onondaga for a balance due the plaintiff, Henry A. Dillaye, for the rent of a shop in the city of Syracuse.

The defendant testified that she was a married woman having a separate estate; that her husband had the management of her prop-erty, and acted for her by her authority; that she carried on a paint shop in the first ward of Syracuse, and had no other shop and never had one in the building for the rent of which this action is brought. Her husband carried on that shop in his own name. In May, 1868, a lease was executed by the plaintiff to the defendant of the shop in question for one year, and it was signed by defendant by her husband as her agent. Just before the end of the year plaintiff applied to the agent to know whether he wanted to rent the building for another year, and he said he did. The rent of the first year was mostly paid by defendant's checks, and the rent of the second year was paid in the same way, so long as it was paid.

William Beer was called in behalf of defendant, and testified that he was not agent for his wife in respect to the business carried on in the shop rented of plaintiff. It was conducted by witness and one Sparks. He told plaintiff that he and Sparks were carrying on the business, that his wife had no more to do with the business, and he paid the rent to the end of the first year. His wife assented to his signing the lease for the first year, and he drew the checks for the rent in her name by her authority. He had no authority to extend the lease.

Plaintiff testified that he had no such conversation with Beer as was testified to by him.

The justice rendered judgment in favor of the plaintiff for the balance of the rent, and, on appeal, the county court of Onondaga affirmed it.

When a general agency is proved it devolves on the principal, seeking to avoid responsibility for the act of the agent, to show that

the act was beyond the scope of the agency, and that the party who insists on the validity of the act of the agent knew of the want of power. Story on Agency, 115 to 120, and note; Paley on Agency, 199, and note.

Beer was held out and acted as the general agent of the defendant; he entered into the lease of 1868 for her, and in her name he gave her check for the rent; the business carried on was the same as in the shop in the first ward. The plaintiff had every reason to suppose that the renewal of the lease was for the benefit of the defendant, and if plaintiff is believed, he had no notice whatever that the renewal was not within the power of the agent.

The question is not in these cases so much what power the agent in fact has, as what power the public has the right to believe he has. The judgment of the county court and justice should be affirmed.

*Judgment affirmed.*